THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Edwin K.
 Hartzler, Appellant,
 v.
 Thomas V. Martin,
 M.D. and South Carolina Department of Mental Health, Respondents.
 
 
 

Appeal From Richland County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No.   2010-UP-519
 Submitted December 1, 2010  Filed
December 9, 2010

AFFIRMED

 
 
 
 Edwin K. Hartzler, pro se, of Columbia, for Appellant.
 Daniel R. Settana, Jr., and Erin M. Farrell, both of Columbia, for
 Respondent South Carolina Department of Mental Health.
 Stephen F. McKinney, of Columbia, for Respondent Thomas V. Martin,
 M.D.
 
 
 

PER CURIAM: Edwin K. Hartzler appeals the circuit court's grant of
 summary judgment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: Rule 56, SCRCP
 (explaining summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories,
 and admissions on file, together with the affidavits, if any, show that there is no genuine
 issue as to any material fact and that the moving party is entitled to a
 judgment as a matter of law"); Hoard v. Roper Hosp., Inc., 387 S.C.
 539, 545-46, 694 S.E.2d 1, 4 (2010) ("Summary judgment is a drastic
 remedy and should be cautiously invoked so that a litigant will not be
 improperly deprived of trial on disputed factual issues."); Id. ("The purpose of summary judgment is to expedite the disposition of cases
 which do not require the services of a fact finder." (citing Singleton
 v. Sherer, 377 S.C. 185, 659 S.E.2d 196 (Ct. App. 2008))); Fleming v.
 Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) (holding when an appellate court reviews the grant of summary
 judgment, it applies the same standard that governs the circuit court under
 Rule 56(c), SCRCP, and summary judgment is proper only when there is no genuine
 issue as to any material fact and the moving party is entitled to judgment as a
 matter of law).  
AFFIRMED.
WILLIAMS,
 J., KONDUROS, J., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.